

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LAMAR SIMPSON, <br> TDCJ-CID No. 02287677, <br><br> Plaintiff, <br><br> v. <br><br> JOEL A. GUANA, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> 2:17-CV-067-Z |

**MEMORANDUM OPINION**
**DISMISSING CIVIL RIGHTS COMPLAINT**

Plaintiff Lamar Simpson, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 against the above-referenced Defendants. The Court granted Plaintiff permission to proceed *in forma pauperis*.

Plaintiff filed an Amended Civil Rights Complaint (ECF No. 18) on November 30, 2017. This Amended Complaint is the current live pleading. Recently, Plaintiff has filed a Motion for Leave to File an Amended Complaint (ECF No. 37). Local Rule 15.1(a) of the Local Rules of Court for the United States District Court for the Northern District of Texas requires that a copy of the proposed amended or supplemental complaint be attached to a motion for leave to amend or supplement. The failure to submit a copy of a proposed amended complaint is sufficient to support a denial of the motion. Therefore, Plaintiff's Motion (ECF No. 37) is DENIED. For the following reasons, Plaintiff's Civil Rights Complaint (ECF No. 18) is DISMISSED.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

At the time of the original complaint, Plaintiff was a prisoner incarcerated at the Texas Department of Criminal Justice ("TDCJ") Dalhart Unit in Dalhart, Texas. (ECF No. 3). By his complaint, Plaintiff alleges that (1) Defendant Joel A. Guana has supervisory liability for all claims based on his position as Warden of the Dalhart Unit; (2) Defendant Krystal M. Box (and non-Defendant Captain Solis) improperly denied him food, and Defendant Box later retaliated against for exercising his First Amendment right to file a grievance for being denied food after being escorted from the dining hall; (3) Defendant Tommy D. Chisum did not properly investigate his grievance against Krystal M. Box and Captain Solis, and Defendant Chisum improperly found him

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

guilty of a disciplinary infraction; (4) Defendant Maria Garcia wrote a false disciplinary case against him in retaliation for his grievance filed against Defendant Box, affecting his classification and parole status; and (5) Defendant Michael S. Spielbauer retaliated against him by searching his cell and seizing his property. ECF No. 18.

Plaintiff alleges that he and another inmate were wrongfully escorted from the dining hall and were denied a meal by Defendant Box and Captain Solis. Plaintiff filed Step One and Step Two grievances immediately following the incident. The following month, Plaintiff was given a disciplinary case by Defendant Garcia for making verbal threats. Plaintiff alleges this was in direct retaliation for the grievances filed against Box a month earlier. Also, Plaintiff claims Defendants removed him from his cell where he was strip searched and exposed to unsanitary conditions for several hours during the investigation of the disciplinary charges. Further, Plaintiff's cell was searched, and his property was seized. As a result of the disciplinary conviction, Plaintiff claims he lost credit for good time. Additionally, Plaintiff was demoted in line classification and his parole status was affected by the disciplinary proceedings.

Plaintiff alleges a retaliation claim for the "suspicious timing" of the new disciplinary case, the cell search, the strip search, and the property seizure. Plaintiff alleges his cell was searched shortly after he filed a Step 2 grievance regarding denial of food by Defendant Box. Plaintiff seeks declaratory, compensatory, and punitive relief.

## ANALYSIS

Plaintiff's claims regarding his classification and line status determinations are not cognizable. "Inmates have no protectable property or liberty interest in custodial classifications." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). In fact, such claims "will never be a ground for a constitutional claim because it

3

simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Harper*, 174 F.3d at 719 (citing *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998)). When an inmate "relies on a legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." *Harper*, 174 F.3d at 719. Therefore, Plaintiff's request for declaratory relief, insofar as they relate to complaints regarding his temporary housing in administrative segregation or his demotion in line class are frivolous.

Plaintiff claims that defendant Chisum failed to adequately investigate his complaints and grievances and failed to protect his constitutional rights. "[A] prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (cleaned up). A prisoner does not have a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, Plaintiff's claim that Defendant Chisum failed to adequately investigate his grievances does not state a constitutional claim and is dismissed with prejudice.

Next, Plaintiff's claims against Defendant Guana are based entirely on supervisory liability. In section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Absent direct personal participation in the alleged constitutional violation, a

plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Thus, Plaintiff's claims against Defendant Guana are dismissed with prejudice.

Plaintiff's claims of retaliation also fail. Plaintiff asserts he was given a false disciplinary case, his cell was searched, he was exposed to unsanitary conditions, and his property was seized as a result of a past grievance filed against Defendant Box. To state a claim of retaliation, "a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (quoting *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). A prisoner has a heavy burden to establish a claim of retaliation; he must do more than make mere conclusory allegations. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *see Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Where a prisoner is unable to establish a specific constitutional violation, his claim is not cognizable. *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999). Here, Plaintiff has asserted no factual allegations that support his claims that these deprivations were in retaliation for pursuing grievances for the deprivation of a single meal, other than the "suspicious" timing of these events. Plaintiff's retaliation claims are, therefore, conclusory and not cognizable.

Plaintiff was convicted of his disciplinary infraction of threatening officer Garcia. To any extent Plaintiff is challenging the result of the disciplinary conviction or resultant punishment, such claims would be barred by *Heck* absent Plaintiff properly pleading a claim for retaliation. As Plaintiff's retaliation claims are entirely conclusory, Plaintiff's requests for relief concerning his disciplinary conviction and parole are barred by his finding of guilt. Therefore, Plaintiff's claims

of retaliation are not cognizable and are dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, and pursuant to 28 U.S.C. §§1915A and 1915(e)(2), as well as 42, U.S.C. §1997e(a), it is ORDERED that the Plaintiff's Civil Rights Complaint filed pursuant to 42 U.S.C. §1983 is DISMISSED with prejudice.

**SO ORDERED.**

July 23, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE